UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISAAC WILLIAM HESS,<br><br>    *Plaintiff*,<br><br>v.<br><br>US DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>    *Defendants*. | Civil Action No. 1:22-cv-03385 (CJN) |

## ORDER

    Isaac Hess, appearing *pro se*, seeks a declaratory judgment that the Cherokee Nation District Court has exclusive jurisdiction over a child custody and visitation dispute. The Complaint contains few factual allegations, but based on the parties' briefing, it appears that a state court in Idaho awarded Hess's wife full custody of the couple's children. Shortly after the Idaho court rendered its judgment, the Cherokee Nation District Court dismissed a separate custody action filed by Hess for lack of jurisdiction. Instead of appealing that dismissal, Hess filed this suit, contending that the Cherokee court has exclusive jurisdiction over all custody and visitation issues arising from his divorce proceedings.

    Specifically, Hess asks this Court to issue a declaratory judgment "that the Cherokee Nation District Court has jurisdiction over all tribal members for all civil matters not limited by Congress regardless of where they live, including [his custody dispute]." Compl. ¶ 41.7, ECF No. 1. He names as defendants the Department of the Interior, the Secretary of the Interior, Cherokee Nation, and the Principal Chief of the Cherokee Nation. He also moves to join as defendants the

1

Commissioner of Indian Affairs and a judge on the Cherokee Nation District Court. The federal and Cherokee defendants filed separate motions to dismiss.

The Court will grant both motions. As the defendants point out, this case presents multiple jurisdictional defects, but the Court will focus on one relevant to all defendants (including the parties Hess seeks to join)—redressability. To establish redressability, Hess must show that his alleged injuries—the Cherokee court's dismissal of his case and the loss of custody—will likely be remedied "by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quotations omitted). But granting Hess the relief he seeks here would not undo the Cherokee court's dismissal or the Idaho court's custody determination; indeed, there are no Idaho defendants in this case at all. As a result, this Court would simply be issuing "an abstract and advisory judicial pronouncement" on the scope of tribal jurisdiction. *Firearms Policy Coalition v. Barr*, 419 F. Supp. 3d 118, 127 (D.D.C. 2019); *see also* Pls.' Opp'n to Cherokee Nation's Mtn. to Dismiss at 3, ECF No. 16 ("This Declaratory Relief will simply be helping the Indian tribes . . . to understand their jurisdiction, [and it] will also help to inform the various states about tribal jurisdiction.").

Because a declaratory judgment in Hess's favor is not likely to remedy his alleged harm, the Court lacks subject matter jurisdiction.[1] It is accordingly **ORDERED** that the defendants' motions to dismiss, ECF Nos. 7 and 9, are **GRANTED** without prejudice. It is further **ORDERED** that the plaintiff's motions to join additional parties, ECF Nos. 14 and 15, as well as his motion to strike, ECF No. 24, are **DENIED AS MOOT**.

---

[1] Even if the Court had Article III jurisdiction, it would exercise its discretion to deny declaratory relief here. *See Nepal v. Dep't of State*, 602 F. Supp. 3d 115, 129 (D.D.C. 2022) ("Courts often decline to exercise that discretion where it is unclear declaratory judgment would have any real remedial effect.").

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE:  July 10, 2023

_____
CARL J. NICHOLS
United States District Judge